### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| LESLIE JONES AND ALEXIS JONES, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:22-cv-02541-JTF-atc** |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

Before the Court is Defendant State Farm Fire and Casualty Company's partial Motion to Dismiss, filed on December 22, 2022. (ECF No. 23.) Under the local rules of this district, a response was due 28 days after the motion was served. LR 12.1. Thus, a response was due on January 25, 2023. No response came in that time, and the Court entered an Order to Show Cause on January 30, 2023, ordering the Plaintiffs to file a response by February 9, 2023. (ECF No. 24.) In that Order, the Court stated that it would consider granting the Motion due to a lack of opposition if no response was filed. (*Id.*) No response was filed by February 9, 2023. For the below reasons, the Defendant's Motion is hereby **GRANTED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of the complaint are relatively brief and are taken as true for the purposes of this motion. On April 25, 2021, an accidental electrical fire severely damaged property held by the Plaintiffs, Alexis and Leslie Jones, at 3482 Aaron Road, Memphis, Tennessee 38109.[1] (ECF No.

---

[1] The complaint states that the property is owned by Alexis Jones but refers to it as "the Plaintiffs' property" throughout. (ECF No. 7, 4.)

7, 4.) The next day, the Memphis Fire Department determined that the fire was caused by a fuse box inside the property. (*Id.*) The property was covered by a homeowners insurance policy between the Plaintiffs and Defendant State Farm Fire and Casualty Company ("State Farm") for up to $154,000 in accidental loss coverage with additional coverage for contents, personal property, and other types of damage. (*Id.*) The Plaintiffs filed a claim under this policy, referred to as Policy No. 42-ED-C150-3, on April 25, 2021. (*Id.*) State Farm sent the Plaintiffs a letter denying their claim on December 22, 2021. (ECF No. 7, 4.) State Farm claimed that the fire was intentionally set by the Plaintiffs and that they had consequently misrepresented information and violated the Concealment and Fraud clause of the policy. (*Id.* at 4-5.)

The Plaintiffs then filed the present case in Shelby County Circuit Court on April 8, 2022, seeking to recover the full amount of coverage under the Policy as well as punitive damages. (ECF No. 1, 2.) The complaint was amended on July 21, 2022. (*Id.*) The Amended Complaint alleges three claims: a common law breach of contract claim, a claim under the Tennessee Consumer Protection Act at Tenn. Code Ann. § 47-18-110, and a claim under Tenn. Code Ann. § 56-7-105. (ECF No. 7, 5.) State Farm properly removed the case to federal court on August 19, 2022. (ECF No. 1.) They filed the present partial motion to dismiss on December 22, 2022. (ECF No. 23.) In the motion, State Farm seeks to dismiss the Plaintiffs' claim under the Tennessee Consumer Protection Act due to an allegedly exclusive statutory remedy for claims involving unfair or deceptive practices connected to an insurance contract. (*Id.*)

## II.  LEGAL STANDARD

When ruling on a Motion to Dismiss, courts must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales and Service, Inc. v. Kraft*, 974 F.3d 756, 758 (6th

Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss . . . without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). The ultimate question when considering a Motion to Dismiss is whether the complaint "contain[s] sufficient factual matter  . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations are not the same as legal conclusions; they must be sufficient "to give notice to the defendant as to what claims are alleged," and must be sufficient to make a claim "more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592, F.3d 718, 722 (6th Cir. 2010). Avoiding dismissal requires that "a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). The end result is a test of "the legal sufficiency of the complaint." *Moses v. Dirghangi*, 430 S.W.3d 371, 375 (Tenn. Ct. App. 2013) (citing *Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007)) (analyzing concurrent Tennessee state rule). Finally, a failure to raise arguments before a district court causes those arguments to be waived. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (citing *Resnick v. Patton*, 258 F. App'x 789, 790-91, n.1 (6th Cir. 2007); *Scott v. State of Tennessee*, 878 F.2d 382 (Table), 1898 WL 72470, at *2 (6th Cir. 1989)).

### III. LEGAL ANALYSIS

As a preliminary matter, the Court notes that the present motion is unopposed due to the Plaintiffs' failure to file a response. The Plaintiffs have offered no arguments as to why the Motion

should not be granted. The Court will thus review the motion solely to determine the base

sufficiency of State Farm's arguments.

State Farm argues that the Plaintiffs' claim under the Tennessee Consumer Protection Act,

specifically Tenn. Code Ann. § 47-18-110, should be dismissed. (ECF No. 23-1, 3.) They cite

Tenn. Code Ann. § 56-8-113 in support, which states:

> Notwithstanding any other law, title 50 and this title shall provide the sole and
> exclusive statutory remedies and sanctions applicable to an insurer, person, or entity
> licensed, permitted, or authorized to do business under this title for alleged breach
> of, or for alleged unfair or deceptive acts or practices in connection with, a contract
> of insurance as such term is defined in § 56-7-101(a). Nothing in this section shall
> be construed to eliminate or otherwise affect any:
>
> (1) Remedy, cause of action, right to relief or sanction available under common
> law;
>
> (2) Right to declaratory, injunctive or equitable relief, whether provided under title
> 29 or the Tennessee Rules of Civil Procedure; or
>
> (3) Statutory remedy, cause of action, right to relief or sanction referenced in title
> 50 or this title.

Tenn. Code Ann. § 56-8-113. State Farm argues that this section creates an exclusive statutory

remedy for cases like the present one and "prohibits private causes of action under the Tennessee

Consumer Protection Act in cases involving insurance claims." (ECF No. 23-1, 4) (citing

*Lindenberg v. Jackson Nat'l Life Ins. Co.*, No. 2:13-cv-02657-JPM-cgc, 2014 U.S. Dist. LEXIS

184081, at *19-20 (W.D. Tenn. Dec. 9, 2014); *Lance v. Owner's Ins. Co.*, No. E2015-00274-COA-

R3-CV, 2016 Tenn. App. LEXIS 369, at *38 (Tenn. Ct. App. May 25, 2016)).

The Court agrees with State Farm. Tenn. Code Ann. § 56-8-113 clearly creates an exclusive

statutory remedy for claims such as the Plaintiffs', which involve unfair or deceptive practices

arising out of an insurance contract dispute. Other Courts have reached the same conclusion. *Spirit*

*Holdings, LLC v. Auto-Owners Manual Ins. Co.*, No. 1:19-cv-224, 2021 WL 5150683, at *3 (E.D.

Tenn. Jun. 1, 2021) ("[Part of Title 56] is the sole bad faith remedy available to an insured for an

insurer's decision made in bad faith not to pay a claim."); *Thomas v. Allstate Ins. Co.*, No. 2:20-cv-02477, 2021 WL 829717, at \*4 (W.D. Tenn. Mar. 4, 2021) ("This Court has interpreted [Tenn. Code Ann. § 58-8-113" to 'effectively eliminate the TCPA as a viable cause of action for disputes arising from the insurer-insured relationship[.]'") (quoting *Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 790 (W.D. Tenn. 2013)).  The Tennessee Court of Appeals has applied the section to preclude Tennessee Consumer Protection Act claims in identical circumstances. *Lance*, 2016 Tenn. App. LEXIS 369, at \*38. As this section does not apply to common law claims, Plaintiffs' common law breach of contract claim is unaffected.

## IV. CONCLUSION

For the above reasons, State Farm's Partial Motion to Dismiss for Failure to State a Claim is **GRANTED**. The Plaintiffs' claim under the Tennessee Consumer Protection Act is **DISMISSED**.

**IT IS SO ORDERED** this 19th day of May, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
